Obrzud v Yakhnytskyy (2021 NY Slip Op 50776(U))

[*1]

Obrzud v Yakhnytskyy

2021 NY Slip Op 50776(U) [72 Misc 3d 139(A)]

Decided on July 30, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on July 30, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : HELEN VOUTSINAS, J.P., ELIZABETH H. EMERSON, TIMOTHY S.
DRISCOLL, JJ

2020-769 S C

Tomasz Obrzud, Appellant,
against
Oksana Yakhnytskyy, Respondent. 

Anne Rosenbach, P.C. (Anne Rosenbach of counsel), for appellant.
Philip Gurevich, PLLC, for respondent (no brief filed).

Appeal from an order of the District Court of Suffolk County, First District (Cheryl M.
Helfer, J.), entered August 6, 2020. The order granted defendant's motion to vacate a judgment to
the extent of, in effect, reducing the amount of the judgment from the principal sum of $6,000 to
the principal sum of $350.

ORDERED that the order is affirmed, without costs.
In this action to recover the principal sum of $6,000 for a loan that was not repaid, the parties
entered into a stipulation wherein they agreed, insofar as is relevant, that the matter was settled
for the sum of $500, to be paid by defendant to plaintiff's counsel at the rate of $50 per month for
10 months commencing September 1, 2017. The stipulation further provided that, in the event of
defendant's default in any of the payments, plaintiff, upon submitting an affidavit of default,
would be entitled to enter judgment for the full amount sued for, less any payments made,
without further notice to defendant. 
It is undisputed that defendant had made the payments for September, October and
November 2017 in the sum of $150. A judgment was entered on February 5, 2018 upon
defendant's alleged default in making the December 2017 payment. Thereafter, defendant moved
to vacate the default judgment and to stay the execution of the judgment. In an affidavit in
support of her motion, defendant asserted that she had made not only the December 2017
payment, but had paid the balance owed under the stipulation, by mailing one check, dated
December 1, 2017, in the amount of $350 to plaintiff's attorney. Defendant further stated that a
copy of the $350 check was annexed to defendant's motion papers. Plaintiff opposed the motion
and now appeals from an order of the District Court entered August 6, 2020 granting defendant's
motion to the extent of, in effect, reducing the amount of the judgment from the principal sum of
[*2]$6,000 to the principal sum of $350.
While the parties' stipulation of settlement provided that, upon defendant's default in any of
the scheduled payments, plaintiff was permitted to enter judgment for the full $6,000 amount
sued for, less payments made by defendant, the District Court did not find that defendant had
defaulted in her December 2017 payment, and as a result, the condition of the stipulation
permitting plaintiff to enter judgment in the full amount sued for was not triggered. Thus, upon
our review, we find that, contrary to plaintiff's contention, as there had been no default, the
District Court did not substitute its own judgment or rewrite the parties' stipulation of
settlement.
Accordingly, the order is affirmed.
VOUTSINAS, J.P., EMERSON and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: July 30, 2021